ELLIS, Judge,
dissenting:
When Mrs. ,Pedigo died on April 1, 1976, her cause of action for injuries survived in favor of her husband, under the provisions of Article 2315 of the Civil Code. That article further provides:
“A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.”
The majority properly recognizes that, during the lifetime of one to whom a cause of action survives under Article 2315, only the survivor can maintain the action, to the exclusion of the succession representative. However, the majority then concludes:
“We see no sound or rational basis to the argument that whereas plaintiff could not sue in his representative capacity as the administrator of the Estate of Mrs. Pedigo, he may now sue in his representative capacity as the executor of the Estate of Mr. Pedigo.”
I cannot agree. The law requires that heritable property rights form part of the estate of a decedent, and must pass through his succession. Articles 871, 873, Civil Code.
Article 685, of the Code of Civil Procedure, designates the succession representative as the proper party plaintiff “to enforce a right of the deceased.” Therefore, Mr. Haas, as testamentary executor of Mr. Pedigo’s succession, is the proper party plaintiff to bring this action.
I dissent.